IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT TARVER, #113 144,            )
                                    )
        Plaintiff,                  )
                                    )
        v.                          ) CIVIL ACTION NO.:  2:15-CV-77-WKW
                                    )                    [WO]
DR. A. CALDWELL, DENTIST *et al.*,   )
                                    )
        Defendants.                 )


**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter comes before the court on Plaintiff's Motion for a Preliminary Injunction. *See Doc. No. 1.*   Plaintiff seeks a preliminary injunction seeking to prohibit Defendant from providing inadequate health care for his serious dental needs.  Plaintiff requests immediate dental attention from a free world provider because the institutional providers have failed to provide dental care and treatment by extracting painful teeth. As directed, Defendants filed a response to Plaintiff's request for issuance of a preliminary injunction regarding his dental claim.  *Doc. No. 22.* Upon consideration of Plaintiff's motion for preliminary injunction and Defendants' response thereto, the court concludes that the motion is due to be denied.

**I.  STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the

public interest.  *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).   "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain  Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").   " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' "  *Suntrust Bank v. Houghton Mifflin Co*., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern  Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th  Cir. 1990).

## II.  DISCUSSION

Plaintiff files his motion for preliminary injunctive relief requesting immediate dental attention from an outside provider for his complaints related to his care and treatment for painful teeth.  Plaintiff states Dr. Caldwell examined him on January 29, 2013, for his complaints of pain in his upper right teeth. Dr. Caldwell told Plaintiff his teeth could not be filled and required

extraction. An appointment for the extraction was scheduled for February 27, 2013. Plaintiff's February 2013 dental appointment had to be rescheduled. On March 12, 2013, Plaintiff filed an inmate request slip complaining of painful teeth and asked that they be extracted. Plaintiff received no response from Dr. Caldwell. Plaintiff's effort to file a grievance in July 2013 concerning his dental issue was frustrated by his inability to obtain a grievance form. In August 2013 Plaintiff submitted a complaint to Defendant Diaz on typing paper regarding his painful teeth and the need to have them extracted. Plaintiff received no response. *Doc. No.* 5.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Plaintiff has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction, Defendants' response thereto, and in light of applicable federal law, the court concludes that Plaintiff fails to carry his burden.

Defendants argue that Plaintiff has failed to show a substantial likelihood of success on his Eighth Amendment claim. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, an inmate must show that: (1) the prison officials had subjective knowledge of a risk of serious harm; (2) the prison officials disregarded that risk; and (3) the conduct rises above mere negligence. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one so obvious that even a lay person would easily recognize the

necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. *Kelley v. Hicks*, 400 F .3d 1282, 1284 n. 3 (11th Cir. 2005). Delay of treatment for a serious condition can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. *Taylor*, 221 F.3d at 1259-60 (11th Cir.2000) (*citing Hill v. Dekalb Reg'l Youth Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994), *overruled on other grounds by, Hope v. Pelzer*, 536 U.S. 730, 739 (2002)); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir.1997).

Assuming Plaintiff has demonstrated the existence of a serious dental condition, Defendants maintain that Plaintiff has received timely, appropriate, attentive, and adequate dental treatment for his dental issues and concerns.  Dr. Caldwell saw Plaintiff on January 29, 2013. She observed that Plaintiff had developed an infection in the tissue around two teeth in his upper jaw likely the source of his discomfort. Dr. Caldwell prescribed Plaintiff an antibiotic. Plaintiff was told to notify the dental staff if his pain worsened or did not improve after completing the regimen of antibiotics prescribed for him. Dr. Caldwell scheduled Plaintiff for a follow-up appointment for evaluation of the two teeth in his upper jaw for extraction if medically indicated. Dr. Caldwell wished to re-evaluate Plaintiff's condition before proceeding with an extraction to save a portion of his the tooth if at all possible. Plaintiff was not seen at this dental appointment scheduled for February 27, 2013, and was not scheduled for a follow-up appointment. If a patient is in pain or discomfort, however, Dr. Caldwell states an inmate typically will submit another sick call request form within a short while after a cancelled appointment, requesting a follow-up appointment. Plaintiff did not do so nor thereafter did he submit sick call request forms requesting further dental treatment. Plaintiff, did however, submit

various sick call request forms after February of 2013, requesting medical treatment or attention for other medical complaints. Between March and August of 2013 (the time referenced in Plaintiff's complaint), Plaintiff saw various members of the medical staff at Kilby but raised no complaints or concerns related to any pain or discomfort with his teeth. *Doc. No. 22, Caldwell Affidavit, Exh. A.*

After reviewing Defendants' response to the court's February 13, 2015, show cause order, including Plaintiff's dental/medical records, the court cannot say that Plaintiff has shown a substantial likelihood of success on the merits. Plaintiff's dental records show he was examined in January 2013 pursuant to his complaint of tooth pain and his dental complaint and condition was evaluated and responded to in accordance with dental personnel's evaluation of his condition. Plaintiff's request for dental treatment was not ignored or delayed nor did dental personnel interfere with the provision of any requested dental care. *Doc. No. 22, Caldwell Affidavit, Exh. A.*

The court finds no evidence in the record reflecting that Defendants have been indifferent to Plaintiff's dental condition or concerns. To the extent there exists a difference in opinion on the provision of dental care, a difference in medical opinion will seldom rise to the level of a constitutional violation and based on the records filed does not do so in this case. *See Hamm v. DeKalb*, 774 F.2d 1567, 1575 (11th Cir. 1985) (where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment."). Further, negligent diagnosis or treatment of a dental

and/or medical condition does not support an Eighth Amendment challenge. *McElligot*, 182 F.3d at 1254.

Having found Plaintiff has failed to satisfy the first requirement for a preliminary injunction, the court need not consider the other factors. *See Church*, 30 F.3d at 1342; *Siegel*, 234 F.3d at 1176. Preliminary injunctive relief is not warranted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Plaintiff regarding his claim of inadequate dental care (*Doc. No. 1*) be DENIED;

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before April 20, 2015**, the parties may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are further advised this Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former

Fifth Circuit issued prior to September 30, 1981.

     Done this the 6th day of April, 2015.


              /s/Charles S. Coody            
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE